## WRIGHT v. CROCKETT.

1. If a conveyance of property is not prohibited by some law, as violative of the rules ordained by the legislature for its disposal, or because it affects the rights of creditors or purchasers, its validity cannot be questioned.
2. Where a judgment creditor seeks to avoid a conveyance on the ground of fraud, he must produce his judgment.

Wright
v.
Crocket.

*Todd & Kirtly for Appellant.*

1st. We rely that the deed of trust was a valid executed deed, and inhibited by none of the principles settled in the numerous decisions made on deeds of assignment by this court.  The creditors are not required to become parties to the deed; there is no prohibited benefit secured to the maker of the deed; it is an assignment of all his property and for all his creditors, and is without the objections held fatal to deeds of assignment in the following cases : Swearengin v. Slicer, 5 Mo. R.  242 ; Hughs v. Ellison, 5 Mo.  R. 463 ; Crow & Tevis v. Ruby, 5 Mo. R. 488; Thomas v. Reynolds, 6 Mo. R. 462; Brown v. Knox & Boggs, 6 Mo. R., and Drake v. Rogers, 5 Mo. R. from 302 to 320.

2d. The deed requires no act to be done by the creditors, is for their benefit, and their assent is to be presumed. 1 Black. 457; 11 Whea. 78; Hood v. Sibley, 3 Mo. R. 290, and 5 do. 484.

3rd. If the assent of the creditors be required in any form they are competent to prove that assent, and the court erred in rejecting their testimony.

4th. The deed is valid to transfer the possession of the property to the plaintiff, and the defendant has shown no right to interfere with that possession, he has not proved himself a judgment creditor, is a trespasser, and his motion for the nonsuit was at the least premature.

*Hayden for Appellee.*

1st. That the court below committed no error in rejecting any of the evidence offered by plaintiff.

2d. The court did not err in giving the instruction to the jury as prayed for by defendant.

3d. The court was right in overrulling the motion of plaintiff, to set aside the nonsuit.

*Opinion of the Court by Scott, Judge.*

This was an action of trover, brought by Geo. M. Wright

against Wm. Crocket, for taking and converting property conveyed in trust to the plaintiff by James Wright, for the benefit of his creditors. On the trial of the cause, the plaintiff introduced a witness, who proved that as constable, and by the direction of the defendant, he levied an attachment in his, defendants, name, against James M. Wright, the grantor in the deed of assignment, on the property conveyed to the plaintiff; and that when the defendant directed the witness to make the levy, he spoke of the deed of trust having been made, and complained that his debt was not secured by the same; the property mentioned in the deed was delivered to the plaintiff, except a horse in another county, and some hogs running at large. The deed of assignment was given in evidence, and after some other testimony, not material to be detailed, the defendant moved the court to instruct the jury that the plaintiff could not sustain this action, without proving the assent of the creditors to the deed of trust, or some of them. Which instruction the court gave, and thereupon the plaintiff submitted to a nonsuit, and afterwards moved to set it aside, which motion was overruled, and the cause is brought here by appeal. The instruction of the court to the jury is the error complained of.

In whatever light a general assignment of property for the benefit of creditors, with or without their assent, may be received, whether as valid or invalid, its invalidity, if such is its character, is traced to the statute prohibiting fraudulent conveyances, which was enacted for the protection of creditors and purchasers. No one can complain of the invalidity of such assignments, unless it shows that he holds the one or the other of these relations to the person by whom they are made.

If a conveyance of property is not prohibited by some law, as violative of the rules ordained by the legislature for its disposal, or because it affects the rights of creditors or purchasers, its validity cannot be questioned. It is binding between the parties. In this case there is no evidence showing that the defendant was a creditor of the grantor of the deed of assignment, the mention of the fact by the

*August Term, 1841.*

*Wright v. Crocket.*

*If a conveyance of property is not prohibited by some law, as violative of the rules ordained by the legislature for its disposal, or be-*

AUGUST TERM,
1841.

Wright
v.
Crocket.

witness, that he acted under an attachment, and sold the property by virtue of an execution, is evidence that there was an attachment and execution, but what were their contents does not appear, nor could they have been proved by parol, without laying a proper foundation for such testimony; nor is it to be presumed for the defendant that the writs of attachment and execution were founded upon a debt and judgment, although the process alone would be a sufficient justification to the officer, yet as to the dependant, it was necessary that he should have produced his judgment, and until its production, he did not show himself in a situation to defeat the assignment made to the plaintiff. The act against fraudulent conveyances does not avoid them against all the world, but only against creditors and purchasers.

cause it affects the rights of creditors or purchasers, its validity cannot be questioned. Where a judgment creditor seeks to avoid a conveyance on the ground of fraud he must produce his judgment.

Let the judgment below be reversed.